IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
ANDREW KUNDRATIC                   :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :    (JUDGE RICHARD P. CONABOY)
                                   :
GARY THOMAS, ANTHONY LUMBIS,       :    Case No. 3:12-CV-17
TINA GARTLEY, C.J. BUFALINO,       :
MICHAEL SHUCOSKY, ARTHUR           :
SILVERBLATT, AND JOHN/JANE DOE     :
1-5                                :
                                   :
     Defendants.                   :
```

FILED SCRANTON JUN 14 2012 PER /s/ KM DEPUTY CLERK

## MEMORANDUM

On May 14, 2012, this Court entered an Order (Doc. 39) in the above-captioned case that required the Plaintiff to identify various "John Doe" defendants that Plaintiff had named as defendants in his complaint filed January 4, 2012 (Doc. 1). The Court's Order of May 14, 2012 afforded Plaintiff twenty (20) days to identify and join these "John Does" as individual defendants or suffer dismissal of this case as to these unidentified defendants.

On June 4, 2012, the deadline to comply with the aforementioned Order of this Court, Plaintiff filed a Motion for an Enlargement of Time (Doc. 42) to request one additional day "to join the John/Jane Doe defendants identified in his complaint." By Order, (Doc. 43) dated June 5, 2012, the Court granted Plaintiff's Motion for Enlargement of Time until June 5, 2012.

Plaintiff did file a motion within the additional time

1

extended by the Court. That motion sought not only joinder of certain defendants, but also discovery in aid of identifying remaining John/Jane Doe defendants (Doc. 44). This motion is ripe for our consideration and we shall address its components seriatim.

### A. Officer Harold Ehret

Plaintiff has moved to join Harold Ehret as an additional defendant. In paragraph three of Plaintiff's motion, Harold Ehret, "an adult male police officer with the Rice Township Police", is identified as an individual who communicated with Defendants Thomas and Gartley. These allegations alone would not require that Ehret be joined as an additional defendant but, when read in conjunction with paragraph 13 of Plaintiff's complaint, wherein it is alleged that an officer of the Rice Township Police Department "orchestrated evidence and manipulated process" to the Plaintiff's detriment, the allegations are specific enough to permit Ehret to prepare a defense. Accordingly, Officer Ehret's joinder as an additional defendant will be permitted.

### B. Officials of the Luzerne County Court Administrator's Office

Plaintiff acknowledges that he has no specific knowledge of which official or officials in the Luzerne County Court Administrator's Office was/were involved in allegedly delaying action on his custody petition. (Doc 44 at paragraph 4). This, of course, begs the question whether such an event actually occurred. Plaintiff does mention, gratuitously, that the former Luzerne

County Court Administrator "has been indicted in an embezzlement scheme". That observation provides this Court no appropriate basis to join anyone as an additional defendant here. Plaintiff seeks "limited discovery" to determine the identity of additional defendants who worked within the Luzerne County Court Administrator's Office. If the discovery process against the previously named defendants and Officer Ehret ultimately yields information that can justify joinder of any employee of that office, this Court will, subject to statute of limitations constraints, entertain joinder of any such individual at a later time.

### C. Defendant Thomas' Supervisors in the Pennsylvania State Police

Plaintiff's motion seeks additional discovery to determine whether Defendant Thomas' supervisors in the Pennsylvania State Police ignored "two IAD complaints" that he submitted to them in 2007. This request will be denied for two reasons. First, this Court's Memorandum of May 14, 2012 (Doc. 38) specifically advised Plaintiff that he will not be permitted to re-litigate matters that were decided in his previous § 1983 action (Middle District of Pennsylvania No. 3:08-CV-1652) and that the conspiracy he alleges must be confined to overt acts committed within two years of the date (January 4, 2012), that he filed this lawsuit. Consequently, any acts performed in 2007 are well beyond the scope of what this Court will consider here. Second, this Court's Order of June 5,

2012, granted Plaintiff an enlargement of time to respond to this Court's previous Order of May 14, 2012 (Doc. 39) which had required Plaintiff to <u>identify</u> any "John Doe Defendants" within twenty days of that date. Plaintiff has plainly failed to comply with the terms of that order and, accordingly, his request for discovery as to the identity of additional defendants from the ranks of the Pennsylvania State Police is denied.

    D.    **Members of the Supreme Court Disciplinary Board**

Plaintiff seeks to engage in discovery to identify members of the Pennsylvania Supreme Court Disability Board who allegedly refused to find fault with his attorneys and "scuttled" his misconduct complaints to that body. Plaintiff apparently concludes that these board members must have been engaged in a conspiracy with the Defendants in this lawsuit merely because they did not approve disciplinary action against his attorneys. Plaintiff's mere surmise to this effect is not nearly enough to justify an order from this Court subjecting any member of the Pennsylvania Supreme Court Disciplinary Board to discovery. Here again, Plaintiff has failed to comply with this Court's Order of May 14, 2012 (Doc. 39) to specifically <u>identify</u> additional defendants. Accordingly, his motion for more time to engage in additional discovery to name these defendants is denied.

    E.    **Mark B. Stanziola, Esquire and Sophia Kundratic**

Plaintiff also seeks to join two individuals, Mark B.

Stanziola, Esquire and Sophia Kundratic, his former spouse, who, as Plaintiff acknowledges, are "not among the John/Jane Doe class of unidentifiable defendants". (Doc. 44 at paragraph 7). Stanziola's would be joinder is based upon his participation as an associate of Defendant Arthur Silverblatt in a PFA hearing related to the Kundratic divorce more than four years ago. These matters clearly relate back to matters considered in Plaintiff's previous § 1983 action and are beyond the statute of limitations for consideration in this case. For this reason, Stanziola's joinder will not be permitted.

Finally, Plaintiff seeks to join Sophia Kundratic, his former spouse and a defendant in his first § 1983 action, on the basis that it "appears" that she may have committed perjury during their divorce proceedings and now owns property formerly owned by him. (Doc. 44, paragraph 8). This attempt to join his former spouse based upon things she "appears" to have done is both inadequately specific to justify her joinder and an obvious effort to re-litigate matters that have been decided in a former lawsuit. This Court will not reconsider matters that must now be considered resolved under the doctrine of res judicata. Consequently, Plaintiff's request to join Sophia Kundratic as an additional defendant must be denied. An appropriate Order follows.

Dated: 6-14-12

Richard P. Conaboy
United States District Judge

5