IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW KUNDRATIC                :       CASE NO. 3:12-CV-0017

   PLAINTIFF,                   :

V.                              :       (JUDGE RICHARD P. CONABOY)

GARY THOMAS ET AL.              :

   DEFENDANTS.                  :

---

**MEMORANDUM**

On January 4, 2012, Plaintiff Andrew Kundratic ("Kundratic") filed a Complaint (Doc. 1) against Defendants Gary Thomas ("Thomas"), Anthony Lumbis ("Lumbis"), Tina Gartley ("Gartley"), C. J. Buffalino ("Buffalino"), Michael Shucosky ("Shucosky"), Arthur Silverblatt ("Silverblatt"), and John Doe's 1-5. In March and April of 2012 all named Defendants but Defendant Thomas briefed motions to dismiss the Complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. (Docs. 20-24). By Memorandum and Order dated May 14, 2012, this Court granted motions to dismiss filed by Defendants Shucosky and Buffalino and denied motions to dismiss filed by Defendants Gartley, Lumbis and Silverblatt (Docs. 38-39). On May 25, 2012 an appearance was finally entered for Defendant Thomas and a motion to dismiss was filed on his behalf. (Docs. 40-41). Thomas' motion to dismiss was briefed on June 25, 2012 (Doc. 50) and duly opposed by Plaintiff by brief filed July 9, 2012 (Doc. 51). Thus, Thomas' motion to dismiss is now ripe for

disposition.

## I. Standard of Review.

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

2

*McTernan*, 577 F.3d at 530. The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008 )]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the

3

> mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

## II. Background.

The genesis of this case is a divorce action filed with the purpose of ending the marriage of Plaintiff Kundratic and his then spouse, Sophie Kundratic. Plaintiff Kundratic initiated that divorce action on May 2, 2006 in the Luzerne County Court of Common Pleas. The proceeding was marked by regrettable, but not uncommon, argument over property disposition, custody matters, and Mrs.

Kundratic's entitlement to alimony pendente lite.  During the pendency of the divorce proceeding, Kundratic filed a federal civil rights lawsuit (Middle District of Pennsylvania No. 3:08-CV-1652) (herinafter "Kundratic I") pursuant to 42 U.S.C. § 1983 against his wife and her alleged lover, Gary Thomas, a member of the Pennsylvania State Police.  Kundratic alleged in Kundratic I that Gary Thomas, who is also a defendant in the instant case, used his influence as a Pennsylvania State Policeman to have Kundratic arrested on bogus assault charges and, subsequently, to have the magistrate who presided over the case set an unreasonably high cash bail.

In dismissing Kundratic I, Senior District Judge William J. Nealon found that none of Thomas' actions, assuming those acts actually were committed, constituted the sort of state action that is a prerequisite to maintaining a case under § 1983.  Judge Nealon found that, while Thomas was employed as a Pennsylvania State Policeman, the actions Kundratic attributed to him were not performed under color of state law but, rather, were performed in his capacity as a private citizen and were motivated by purely personal reasons.  Accordingly, Judge Nealon granted a motion to dismiss Kundratic I.  Kundratic's appeal of Judge Nealon's decision was then summarily rejected by the Third Circuit Court of Appeals. While the instant action is not identical to Kundratic I, it is

5

similar in that it arises from the Kundratic divorce proceeding and includes Gary Thomas as the pivotal defendant.

Judge Nealon's decision in Kundratic I does implicate the scope of factual allegations which may appropriately be considered by this Court in this case due to principles of issue preclusion. Specifically, all actions attributed to Defendant Gary Thomas in Kundratic I may not be considered state action in the instant case inasmuch as Judge Nealon and the Third Circuit have already determined that these actions did not constitute "state action".

The central allegation in this case is that Defendant Gary Thomas, a state actor by virtue of his employment as a member of the Pennsylvania State Police, used the influence of his position to set in motion an elaborate conspiracy to violate Kundratic's rights under the First and Fourteenth Amendments to the Constitution of the United States. Kundratic claims that, while he was in the throes of a bitter divorce proceeding, the defendants conspired to deprive him of his property in derogation of the Fourteenth Amendment and impeded his association with his minor daughter in derogation of the First Amendment. Essentially, Kundratic claims that Defendant Thomas, who was romantically involved with his estranged wife, influenced his lawyers in the aforementioned divorce (Defendants Lumbis and Silverblatt), his wife's lawyer (Defendant Gartley), the divorce master overseeing the case (Defendant Bufalino), the court-appointed guardian ad

litem for his minor daughter (Defendant Shucosky), and various John Doe defendants to perform a plethora of tortious acts which harmed him and violated the aforesaid constitutional rights.

Kundratic surmises that the conspiracy against him was a product of the "climate of acculturation" in Luzerne County that ultimately resulted in the criminal convictions of two members of the Luzerne County Court of Common Pleas in 2011. (Doc. 1 at 1-2). However, Kundratic makes no attempt to explain how the Defendants he named in this lawsuit are connected to the convictions of those judges.

## III. Discussion.

Thomas' argument that Kundratic has failed to state a claim upon which relief can be granted rests principally on his twin contentions that Kundratic's claim is both time-barred and precluded by res judicata. His arguments are unpersuasive.[1]

With respect to the notion that Kundratic's Complaint is time-barred, we note that it plainly alleges that Thomas has continued to abuse his position as a state police officer to violate Kundratic's constitutional rights to court access and to free association with his daughter up to and including the date, January 4, 2012, that it was filed. (Doc. 1, ¶ 21). Accordingly, we cannot agree with Thomas' argument that Kundratic's claim is time-

---

[1] Kundratic correctly observes that Thomas' brief in support of his motion to dismiss (Doc. 52) is late under Local Rule 7.6 and may be deemed withdrawn. Nevertheless, this Court's decision to deny Thomas' motion is based on substantive reasons.

7

barred.

With respect to Thomas' res judicata argument, we are well aware that the aforementioned Kundratic I, like the instant action, arose from the Kundratic divorce. We are aware, too, that Judge Nealon dismissed that action by Memorandum and Order dated July 2, 2009 and concluded in the process that Kundratic had not alleged anything that could justify characterizing Thomas as a "state actor" for purposes of a claim under 42 U.S.C. § 1983. We accord due deference to Judge Nealon's decision as upheld by the Third Circuit Court of Appeals and must agree that all acts performed by Thomas prior to Judge Nealon's dismissal of his first action cannot be regarded as instances of "state action" for use in this lawsuit.

Still, Kundratic's current complaint alleges inappropriate "state action" on Thomas' part that post-dates Judge Nealon's decision and allegedly continues to the present day. We simply cannot conclude at this time that Kundratic cannot adduce proof of inappropriate "state action" by Thomas in the time between Judge Nealon's decision and the filing of the instant complaint. For this reason, we must disagree with the argument that principles of res judicata preclude Kundratic's current lawsuit.

**IV. Conclusion.**

While we will deny Thomas' motion to dismiss for the reasons cited above, we do note that it is incumbent upon Plaintiff Kundratic to develop through the discovery process some evidence of

Thomas inappropriately abusing his position as a "state actor" to Kundratic's detriment in the relevant time-period, July 2, 2009 through January 4, 2012. We also emphasize that the failure to adduce such evidence will render Kundratic's case vulnerable to subsequent case dispositive motions by Thomas and other defendants.

BY THE COURT

DATED: 11-[5]-12

**JUDGE RICHARD P. CONABOY**
**UNITED STATES DISTRICT COURT**